### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNN A. RONAN, Administrator of the Estate of Sherry L. Ronan, and LYNN A. RONAN, an Adult Individually,<br>        Plaintiff | :<br>:<br>:   CIVIL ACTION NO.<br>: |
| v. | : |
| HAMPDEN TOWNSHIP, HAMPDEN TOWNSHIP POLICE, HAMPDEN TOWNSHIP EMERGENCY SERVICES, NATHANIEL FUNK, OPERATIONS LIEUTENANT, THOMAS BURFEIND, DETECTIVE, RUBI AMBROCIO-GONZALES, an Adult Individual and MICHAEL ZIMMERMAN, an Adult Individual,<br>        Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   JURY TRIAL DEMANDED |

### NOTICE OF REMOVAL

Defendants, Hampden Township, Hampden Township Police Department, Hampden Township Emergency Services, Nathaniel Funk, and Thomas Burfeind, hereby remove this case from the Cumberland County Court of Common Pleas:

1. On October 10, 2024, Plaintiff filed an Amended Complaint in the Cumberland County Court of Common Pleas. (Attached hereto as Exhibit "A").

2. The Amended Complaint was served on Defendants, Hampden Township, Hampden Township Police Department, Hampden Township Emergency Services, Nathaniel Funk, and Thomas Burfeind on October 10, 2024, via

Cumberland County Court of Common Pleas ECF (electronic case filing). (See Exhibit "A").

3. Removal is appropriate because Plaintiff's Amended Complaint raises federal questions, namely violations of the Fourteenth Amendment of the United States Constitution.

4. Specifically, Plaintiff's Complaint alleges the following Fourteenth Amendment claims:

Count I: Fourteenth Amendment claim against Hampden Township for general claims of failing to "provide sufficient medical training for its police officers" and a failure to provide "written policy procedures" for its medical and police officers;

Count II: Fourteenth Amendment claim against Hampden Township Police because its officers showed "indifference" to Sherry Ronan's right to medical treatment for a drug overdose and what appears to be a negligence claim for destroying evidence at a crime scene;

Count III: Fourteenth Amendment claim against Hampden Township Emergency Services for failing in its duty to provide medical services and life saving measures for Sherry Ronan;

    Count IV:    Fourteenth Amendment claim against Lieutenant Funk for failing to administer lifesaving measures for Sherry Ronan; Plaintiff also alleges Lieutenant Fund acted with "negligence;" and

    Count V:    Fourteenth Amendment claim against Detective Burfeind alleging he acted with "reckless indifference" for failing to administer lifesaving techniques to Sherry Ronan or failing to order others to perform lifesaving techniques on Sherry Ronan.

    5.    Federal courts have jurisdiction over claims that arise under federal laws generally, 28 U.S.C. §1331.

    6.    Accordingly, this Court has removal jurisdiction because Plaintiff's Complaint raises federal questions.  28 U.S.C. §1441(a).

    7.    Pursuant to 28 U.S.C. §1446(d), removing Defendants will contemporaneously serve a copy of this Notice of Removal on Plaintiff, Defendants Rubi Ambrocio-Gonzales and Michael Zimmerman, and file this Notice in the Cumberland County Court of Common Pleas.

    8.    Venue is proper in this Court because Defendants reside or are situated in this District and the events giving rise to this action took place within the District. 28 U.S.C.A. §1391(b).

    9.    Defendant Rubi Ambrocio-Gonzales is currently incarcerated at SCI-Greene.

11. Undersigned counsel spoke with Mr. Ambrocio-Gonzalez with the assistance of staff at SCI-Greene.

12. Mr. Ambrocio-Gonzalez advised undersigned counsel that he cannot read English.

13. Mr. Ambrocio-Gonzalez advised undersigned counsel that he is not represented by counsel and has no understanding of the claims raised by Plaintiff against him.

14. Mr. Ambrocio-Gonzalez advised undersigned counsel that he is awaiting deportation from the United States.

15. Undersigned counsel advised Mr. Ambrocio-Gonzalez that he (undersigned counsel) does not represent him and cannot provide him with legal advice.

16. Undersigned counsel advised Mr. Ambrocio-Gonzalez that he should speak with an attorney regarding the claims Plaintiff has made against him.

17. Mr. Ambrocio-Gonzalez advised undersigned counsel that he does not concur or object to this matter being removed to federal court because he has no understanding of the claims Plaintiff has raised against him.

18. Based on the certificate of service filed by Plaintiff, it is unclear if Defendant Michael Zimmerman has been served with the Amended Complaint. (See, Plaintiff's Amended Complaint, Exhibit A).

19. Plaintiff's certificate of service states that the Amended Complaint was mailed to the Dauphin County Adult Probation and Parole care of Karissa Cantrell, Parole Officer. *Id.*

20. Plaintiff has not claimed or confirmed that Ms. Cantrell was permitted to accept service of the Amended Complaint on Mr. Zimmerman's behalf.

21. Undersigned counsel's paralegal, Cathleen A. Sheaffer, spoke with Ms. Cantrell to seek her assistance in contacting Mr. Zimmerman to discuss this motion.

22. Ms. Cantrell advised that she is unable to locate Mr. Zimmerman.

23. The Hampden Township Defendants cannot determine if Plaintiff served Mr. Ambrocio-Gonzalez or Mr. Zimmerman with the Amended Complaint.

24. A defendant need only secure the consent for removal from those defendants that have been properly joined and served. 28 U.S.C. §1446(b)(2)(A).

25. If Mr. Ambrocio-Gonzalez and/or Mr. Zimmerman were not properly served with Plaintiff's Amended Complaint, their consent to remove this action is not required.

26. Although the Hampden Township Defendants cannot determine if Mr. Ambrocio-Gonzalez or Mr. Zimmerman were properly served with Plaintiff's Amended Complaint, out of an abundance of caution, they made a good faith effort to contact Mr. Ambrocio-Gonzalez and Mr. Zimmerman.

27. However, the Hampden Township Defendants maintain that they are not required to secure the concurrence of Mr. Ambrocio-Gonzalez or Mr. Zimmerman to remove this case.

28. Plaintiff does not raise any claims against Defendant Ambrocio-Gonzalez or Defendant Zimmerman that arise under the Constitution, laws, or treaties of the United States.

29. Specifically, Count VI of Plaintiff's Amended Complaint raises a vague claim against Defendant Ambrocio-Gonzalez that alleges he supplied illegal drugs to Sherry L. Ronan. (See, Count VI of Plaintiff's Amended Complaint).

30. Count VIII of Plaintiff's Amended Complaint raises only a state law survival action against Defendant Ambrocio-Gonzalez. (See, Count VIII of Plaintiff's Amended Complaint).

31. Likewise, Count VII of Plaintiff's Amended Complaint raises a vague claim against Defendant Zimmerman that alleges he purchased illegal drugs that were supplied to Sherry L. Ronan. (See, Count VII of Plaintiff's Amended Complaint).

32. Count VIII of Plaintiff's Amended Complaint raises only a state law survival action against Defendant Ambrocio-Gonzalez. (See, Count VIII of Plaintiff's Amended Complaint).

33. Count IX of Plaintiff's Amended Complaint raises a state law wrongful death claim against all Defendants.

34. 28 U.S.C. §1441 states:

> (c) Joinder of Federal law claims and State law claims.
>
> > (1) If a civil action includes—
> >
> > > (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title [28 USCS § 1331]), and
> > >
> > > (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
> >
> > (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

35. Pursuant to 28 U.S.C. §1441(c) ("Joinder of Federal law claims and State law claims), if a civil action includes a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of Section 1331 of this title), and a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim

7

described in subparagraph (B) (related to a claim not within the original or supplemental jurisdiction of the district court).  (See, 28 U.S.C. §1441(c)(1)(A)(B)).

36. Only defendants against whom a claim described in 28 U.S.C. §1441(1)(A) (related to a claim arising under the Constitution, law, or treatise of the United States) has been asserted are required to join in or consent to the removal under 28 U.S.C. §1441(1).

37. Because Plaintiff has not raised claims against Mr. Ambrocio-Gonzalez or against Mr. Zimmerman under the Constitution, laws, or treaties of the United States, their consent to the removal of this action is not required.

38. Because the claims Plaintiff raises against Mr. Ambrocio-Gonzalez and Mr. Zimmerman are so unrelated to the claims raised against the Hampden Township Defendants, they should be viewed as constituting a different case or controversy.

WHEREFORE, Defendants, Hampden Township, Hampden Township Police Department, Hampden Township Emergency Services, Nathaniel Funk, and Thomas Burfeind, pray that this matter be removed to this Honorable Court.

Respectfully submitted,

**LAVERY LAW**

Date: November 8, 2024

*/s/ Andrew W. Norfleet*
Andrew W. Norfleet, Esquire
Atty. I.D. # 83894

8

225 Market Street, Suite 304
Harrisburg, PA 17101-2126
(717) 233-6633 (telephone)
(717) 233-7003 (facsimile)
Email:  anorfleet@laverylaw.com
*Attorney for Defendants Hampden Township, Hampden Township Police Department, Hampden Township Emergency Services, Nathaniel Funk, and Thomas Burfeind*

9

## **CERTIFICATE OF SERVICE**

I, Cathleen A. Sheaffer, do hereby certify that on this 8th day of November, 2024, I served a true and correct copy of the foregoing Notice of Removal via email and U.S. First Class Mail, postage prepaid, on the following:

Marcus A. McKnight, III, Esquire
Irwin & McKnight, P.C.
60 West Pomfret Street
Carlisle, PA  17013
Email:  mmcknight@irwinmcknight.com
*Attorney for Plaintiff*

Smart Communications/PA DOC
Rubi Ambrocio-Gonzales – QP9491
SCI Smithfield
PO Box 33028
St. Petersburg, FL   33733
*Defendant*

Dauphin County Adult Probation and Parole
Michael Zimmerman
c/o Karrissa Cantrell, Parole Officer
917 Gibson Boulevard
Steelton, PA  17113
*Defendant*

　　　　　　　　　　　　　　　　　　　　　*/s/ Cathleen A. Sheaffer*
　　　　　　　　　　　　　　　　　　　　　Cathleen A. Sheaffer, RP, Pa.C.P.
　　　　　　　　　　　　　　　　　　　　　Senior Paralegal