Exhibit "A"

| | |
|---|---|
| LYNN A. RONAN, Administrator of the Estate of Sherry L. Ronan, and LYNN A. RONAN, An Adult Individually, Plaintiffs | : IN THE COURT OF COMMON PLEAS OF : CUMBERLAND COUNTY, PENNSYLVANIA : : |
| v. | : 2023- 08395    CIVIL TERM : |
| HAMPDEN TOWNSHIP, HAMPDEN TOWNSHIP POLICE, HAMPDEN TOWNSHIP EMERGENCY SERVICES, NATHANIEL FUNK, OPERATIONS LIEUTENANT, THOMAS BURFEIND, DETECTIVE, RUBI AMBROCIO-GONZALES, an Adult Individual and MICHAEL ZIMMERMAN, an Adult Individual, Defendants | : : CIVIL ACTION – LAW : : : JURY TRIAL DEMANDED : |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint, order and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

Cumberland County Bar Association
32 South Bedford Street
Carlisle, Pennsylvania 17013
(717) 249-3166
1-800-990-9108
www.cumberlandbar.com/Programs-Services/Find-a-Lawyer

1

Case# 2023-08395-37 Received at Cumberland County Prothonotary on 10/10/2024 4:06 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## AMERICANS WITH DISABILITIES

Act of 1990

The Court of Common Pleas of Cumberland County is required by law to comply with the Americans with Disabilities Act of 1990. For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the court, please contact our office. All arrangements must be made at least 72 hours prior to any hearing or business before the court. You must attend the scheduled conference or hearing.

| | |
|---|---|
| LYNN A. RONAN, Administrator of the Estate of Sherry L. Ronan, and LYNN A. RONAN, An Adult Individually, Plaintiffs | : IN THE COURT OF COMMON PLEAS OF<br>: CUMBERLAND COUNTY, PENNSYLVANIA<br>:<br>: |
| v. | : 2023-08395     CIVIL TERM<br>: |
| HAMPDEN TOWNSHIP, HAMPDEN TOWNSHIP POLICE, HAMPDEN TOWNSHIP EMERGENCY SERVICES, NATHANIEL FUNK, OPERATIONS LIEUTENANT, THOMAS BURFEIND, DETECTIVE, RUBI AMBROCIO-GONZALES, an Adult Individual and MICHAEL ZIMMERMAN, an Adult Individual, Defendants | : CIVIL ACTION – LAW<br>:<br>:<br>: JURY TRIAL DEMANDED<br>:<br>: |

## AMENDED COMPLAINT

AND NOW this 10th day of October 2024, comes the Plaintiff, **LYNN A. RONAN Administrator of the Estate of Sherry L. Ronan, and LYNN RONAN, an Adult Individual,** by and through his attorneys, Irwin & McKnight, P.C., and makes the following Complaint against the Defendants, **HAMPDEN TOWNSHIP, HAMPDEN TOWNSHIP POLICE, HAMPDEN TOWNSHIP EMERGENCY SERVICES, NATHANIEL FUNK, OPERATIONS LIEUTENANT, THOMAS BURFEIND, DETECTIVE, RUBI AMBROCIO-GONZLES and MICHAEL ZIMMERMAN,** as follows:

1. The Plaintiff is Lynn A. Ronan, Administrator of the Estate of Sherry L. Ronan and Lynn A. Ronan, an adult individual, who resides at 759 Petersburg Road, Carlisle, Cumberland County, Pennsylvania 17015.

2. The Defendants are Hampden Township, located at 209 S. Sporting Hill Road, Mechanicsburg, Cumberland County, Pennsylvania 17050, Hampden Policed Department located at 209 S. Sporting Hill Road, Mechanicsburg, Cumberland County, Pennsylvania 17050, Hampden Emergency Services located at 295 S. Sporting Hill Road, Mechanicsburg, Cumberland County, Pennsylvania 17050, Nathaniel Funk, who is employed as an Operations Lieutenant with Hampden Township, Thomas Burfeind, who is employed as a

3

Case# 2023-08395-37 Received at Cumberland County Prothonotary on 10/10/2024 4:06 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Detective with Hampden Township, Rubi Ambrocio-Gonzalas who is currently incarcerated at SCI Greene located at 175 Progress Drive, Waynesburg, Greene County, Pennsylvania 15370, and Michael Zimmerman, who's address is currently unknown but Karissa Cantrell is his parole officer who has been accepting mail on his behalf at the Dauphin County Adult Probation and Parole Office, located at 917 Gibson Boulevard, Steelton, PA 17113

3. On October 23, 2021, at approximately 10:01p.m., a 911 call was placed by what is believed to be one of the Defendants, Michael Zimmerman informing the 911 dispatcher that there was a drug overdose victim at the Hampton Inn in Camp Hill, in room 150. The caller hung then hung up. The 911 operator tried calling back the number that was displayed on his caller ID, but no one answered the call. The call did go to voicemail in which a male's voice indicated to leave a message for Mike. It was later found that the number the call was made from belonged to Michael Zimmerman, a known acquaintance of Ms. Ronan's.

4. A few minutes after the 911 call was received Officer McIntyre and Lieutenant Funk arrived at the scene at 10:04 PM. Officer McIntyre proceeded to retrieve the AED and Narcan supplies from the trunk of his police vehicle. He knocked on the door, which was already somewhat ajar, no one answered. Officer McIntyre and Lieutenant Funk then entered the room and observed Ms. Ronan lying on the bed on her back. They were later able to identify her by her driver's license.

5. As Officer McIntyre checked the room for any other person(s) at that time Lieutenant Funk checked the status of Ms. Ronan. Lieutenant Funk and Officer McIntyre both determined that Ms. Ronan was deceased but did not attempt to use the AED device or Narcan which they brought into the room.

4

6. After determining Ms. Ronan was deceased Lieutenant Funk requested a Detective to assist with the investigation. He was informed that Detective Burfeind was enroute. At which time Lieutenant Funk also requested a phone call from the deputy coroner.

7. Officer McIntyre then returned all the medical equipment, which included the Narcan and AED to his vehicle without attempting to perform any type of life saving measures on Sherry L. Ronan.

8. At 10:07 PM Officer McIntyre and Lieutenant Funk told Hampden Township Emergency Services to stage across the street from the scene. At 10:08 PM Emergency Services were permitted to enter the room in which Sherry L. Ronan had been deceased.

9. There is no evidence that Officer McIntyre, Lieutenant Funk or Hampden Township Emergency Services attempted or applied any of the life saving procedures which were already available in the room.

10. Deputy Coroners, Jeremy Maugans and Mark Kann arrived at the room at 10:32 PM. They pronounced Sherry L. Ronan dead at 10:37 PM.

**WHEREFORE** the Plaintiffs request damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars in damages plus costs of this action and interest permitted by law or rule.

## COUNT I
## PLAINTIFF V. HAMPDEN TOWNSHIP
## VIOLATIONS OF THE FOURTEENTH AMENDMENT

11. The paragraphs one (1) through nine (10) of the Complaint are herein incorporated by reference and made part of this Count of the Complaint.

12. Defendant, Hampden Township is a First-Class municipality in Cumberland County, in the Commonwealth of Pennsylvania.

5

Case# 2023-08395-37 Received at Cumberland County Prothonotary on 10/10/2024 4:06 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

13. The Defendant, Hampden Township, on October 23, 2021, violated the Constitutional Rights provided by the Fourteenth Amendment by not providing sufficient medical training for its police officers who often arrive at a drug overdose site before medical personnel.

14. The Defendant, Hampden Township had not provided written policy procedures for its medical and police officers on October 23, 2021, when both police and emergency personnel were called to the Hampton Inn to treat the overdose of Sherry L. Ronan.

15. The Constitution Fourteenth Amendment rights of Sherry L. Ronan were violated by Hampden Township in that lifesaving procedures with AED and Narcan were not used by its police personnel which could have saved the life of Sherry L. Ronan. These violations include:

    a. Lack of training for police personnel directed to the scene of a drug overdose;
    b. Failure to adopt policy or procedure which would permit medical personnel to provide lifesaving procedures to an overdose victim upon arrival instead of being "staged" at a site sway form the overdose victim;
    c. Proper police supervision which would have permitted medical personnel to treat Sherry L. Ronan instead of being "staged "outside the room in which the overdose victim, Sherry L. Ronan was located;
    d. Lack of training for medical personnel to make certain that they gained immediate access and are able to use lifesaving procedures for the drug overdose victim, Sherry L. Ronan;
    e. Police officers and emergency services personnel should have known how to effectively treat an overdose victim once at the scene and the 911 call being made, including the use of the Narcan and the AED device. Hampden Township fail in their duty to provide information to township police officers and emergency services personnel to administer Narcan to an individual regardless of the time they estimated Sherry L. Ronan has passed from when the overdose occurred.

**WHEREFORE** the Plaintiffs request damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars in damages plus costs of this action and interest permitted by law or rule.

6

## COUNT II
## THE PLAINTIFF V. HAMPDEN TOWNSHIP POLICE
## VIOLATIONS OF THE FOURTEENTH AMENDMENT

16. The averments of paragraphs one (1) through fifteen (15) are herein incorporated by reference and made a part of this Count of the Complaint.

17. The Fourteenth Amendment Constitutional rights of Sherry L. Ronan were violated by the Defendants, Hampden Police in that the officers on the scene showed indifference to her right of medical treatment for a drug overdose.

   a. They had a duty to not only respond but to treat Sherry L. Ronan for a drug overdose;
   b. As soon as medical personnel arrived the police at the scene should have given the medical personnel access to Sherry L. Ronan instead of "staging" them outside the room;
   c. At no time did either the police or medical personnel administer Narcan or use the AED device on Sherry L. Ronan.

18. Hampden Township Police Department failed in their duty to preserve evidence found at the scene. In the report of Detective Burfeind he states that "during the consent search (of Mr. Ronan's vehicle that was stolen by Michael Zimmerman from the scene) I located 6 syringes in the center console. Some of the syringes were capped, others were not. Further, I located an empty marijuana package (presumably synthetic or medical). All were collected and destroyed immediately."

19. The Hampden Township Police Officers negligently destroyed evidence which would have been used at in the criminal investigation of Sherry L. Ronan's death as well as in this action. They improperly staged Hampden Township Emergency Services and delayed any service they could have provided to Shery L. Ronan.

7

Case# 2023-08395-37 Received at Cumberland County Prothonotary on 10/10/2024 4:06 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**WHEREFORE**, the Plaintiffs seek damages from the Defendants, in excess of Seventy-Five Thousand ($75,000.00) Dollars in damages plus costs of this action and interest permitted by law or rule.

## COUNT III
## PLAINTIFF V. HAMPDEN EMERGENCY SERVICES, VIOLATIONS OF THE FOURTEENTH AMENDMENT

20. The averments of paragraphs one (1) through nineteen (19) are herein incorporated by reference and made part of this Count of the Complaint.

21. The Defendant, Hampden Emergency Services, violated the constitutional rights of Sherry L. Ronan when they failed in its duty to provide Emergency Medical Services to Sherry L. Ronan who was a overdose victim.

22. At no point did the Defendant perform any life saving measures for Sherry L. Ronan, even after given the information she was a drug overdose victim with lifesaving Narcan and the AED device present in her room which could have saved her life.

**WHEREFORE** the Plaintiffs request damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars in damages plus costs of this action and interest permitted by law or rule.

## COUNT IV
## PLAINTIFF V. NATHANIEL FUNK, OPERATIONS LIEUTENANT VIOLATIONS OF THE FOURTEENTH AMENDMENT

23. The averments of paragraphs one (1) through twenty-two (22) are herein incorporated by reference and made part of this Count of the Complaint.

24. The Defendant, Nathaniel Funk, was negligent in the fact that he violated the Fourteenth Amendment rights of Sherry L. Ronan when did not administer any lifesaving

8

techniques on Sherry L. Ronan at any time knowing that Ms. Ronan was a victim of a drug overdose.

25. The Defendant, Nathaniel Funk, the Lieutenant who was present at the scene when Officer McIntyre removed a Narcan kit and AED device from the trunk of his police vehicle. At no time did Lieutenant Funk, as the Officer in charge, instruct Officer McIntyre to administer the Narcan or use the AED device on Sherry L. Ronan. At no time did Lieutenant Nathaniel Funk administer the Narcan or use the AED device on Sherry L. Ronan.

26. At no time did Lieutenant Funk instruct the Hampden Township Emergency Services personnel to administer life saving measures including Narcan or the use of the AED device upon Sherry L. Ronan even though these items were already in the room.

**WHEREFORE** the Plaintiffs request damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars in damages plus costs of this action and interest permitted by law or rule.

### COUNT V
### PLAINTIFF V. THOMAS BURFEIND
### VIOLATIONS OF THE FOURTEENTH AMENDMENT

27. The averments of paragraphs one (1) through twenty-six (26) are herein incorporated by reference and made part of this Count of the Complaint.

28. The Defendant, Thomas Burfeind violated the Fourteenth Amendment rights of Sherry L. Ronan and showed reckless indifference to her life by not performing any lifesaving techniques that should have been performed on Sherry L. Ronan once he was informed that she was a victim of a drug overdose after speaking with Officer McIntyre,

29. At no time did the Defendant, Thomas Burfeind instruct any Officers or Emergency Services personnel at scene to administer the Narcan or use the AED device on Sherry L. Ronan.

9

At no time after the Defendant arrived at the scene did, he instruct anyone or attempt himself to administer Narcan or use the AED device that was brought to the scene by Officer McIntyre in an attempt to perform life-saving techniques on Sherry L. Ronan.

30. The Defendant, Thomas Burfeind at no time instructed the Officers on the scene that they were not permitted to "call" a patient as dead and that they still needed to perform any and all life-saving techniques on Sherry L. Ronan until Emergency Services arrived and were able to take over. Only the representative of the Coroner's Office was authorized to declare her dead.

31. The Defendant failed to preserve evidence or instruct any Officer to preserve evidence found in the vehicle that belonged to Lynn A. Ronan and was stolen from the scene by Michael Zimmerman. It is noted in Detective Burfeind report of November 5, 2021, at 16:39:09, that "During the consent search, I located 6 syringes in the center console. Some of the syringes were capped, others were not. Further, I located an empty marijuana package (presumably synthetic or medical). All were collected and destroyed immediately." Any saved evidence could have been used in the criminal case and this action on behalf of Sherry L. Ronan.

**WHEREFORE** the Plaintiffs request damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars in damages plus costs of this action and interest permitted by law or rule.

## COUNT VI
## PLAINTIFF V. RUBI AMBROCIO-GONZALES

32. The averments contained in paragraphs one (1) through thirty-one (31) are herein incorporated by reference and made a part of this Count of the Complaint.

33. Rubi Ambrocio-Gonzales an adult individual of 1200 Derry Street, Harrisburg Pennsylvania was the individual who supplied illegal drugs to Sherry L. Ronan through her boyfriend, Michael Zimmerman. Rubi Ambrocio-Gonzales also used the nickname "Chino". He

10

sold drugs in the Derry Street area in Harrisburg and one of his customers was Michael Zimmerman. On the day Sherry L. Rona died she contacted him and picked Mr. Zimmerman up at lunch. They made contact with Rubi Ambrocio-Gonzales by telephone.

34. Sherry L. Ronan injected herself with the cocaine which was laced with fentanyl she purchased from Rubi Ambrocio-Gonzales at the 1200 block of Derry Street. Sherry L. Ronan purchased an "8 ball" of cocaine for $220.00 from Rubi Ambrocio-Gonzales, which she did not realize would end her life. Defendant, Rubi Ambrocio-Gonzales knew that the drugs he sold would cause the death of Sherry L. Ronan.

**WHEREFORE** the Plaintiffs request damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars in damages plus costs of this action and interest permitted by law or rule.

### COUNT VII
### PLAINTIFF V. MICHAEL ZIMMERMAN

35. The averments contained in paragraphs one (1) through thirty-four (34) are incorporated by reference and made part of this Count of the Complaint.

36. The Defendant, Michael Zimmerman drove Sherry L. Ronan to a known drug dealer to purchase drugs for her and himself for use on the day of Sherry L. Ronan's death.

37. Michael Zimmerman knew that fentanyl was likely to be in significant amounts within the cocaine purchased by Sherry L. Ronan from Rubi Ambrocio-Gonzales which could cause overdose and death.

**WHEREFORE** the Plaintiffs request damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars in damages plus costs of this action and interest permitted by law or rule.

11

## COUNT VIII
## SURVIVAL ACTION
## LYNN A. RONAN, ADMINISTRATOR V. HAMPDEN TOWNSHIP, HAMPDEN POLICE DEPARTMENT, HAMPDEN EMERGENCY SERVICES, NATHANIEL FUNK, THOMAS BURFEIND, RUBI AMBROCIO-GONZALES and MICHAEL ZIMMERMAN

38. The averments contained in paragraph one (1) through thirty-seven (37) are hereby incorporated by reference and made a part of this Count of the Complaint.

39. Lynn A. Ronan, Administrator of the Estate of Sherry L. Roann, brings this survival action pursuant to 20 Pa. Cons. Stat. Ann. § 3373 and 42 Pa.Cons. Stat. Ann. § 8302.

40. As a direct result and caused by the acts of negligence, Fourteenth Amendment Constitutional violations and indifference to the life of Sherry L. Ronan, all the Defendants are liable to the Plaintiff for the following damages:

a. Sherry L. Ronan's total estimated future earning power less her estimated cost of personal maintenance;

b. Sherry L. Ronan's loss of retirement and Social Security income;

c. Sherry L. Ronan's other financial losses suffered as a result of her death; and

d. Sherry L. Ronan's loss of enjoyment of life.

**WHEREFORE**, the Plaintiffs, are seeking damages against Hampden Township, Hampden Police Department, Hampden Emergency Services, Nathaniel Funk, Thomas Burfeind, Rubi Ambrocio-Gonzales and Michael Zimmerman, in excess of the Seventy-Five Thousand ($75,000.00) Dollars in damages plus costs of this action with pre and post judgement interest permitted by law or rule.

## COUNT IX
## WRONGFUL DEATH ACTION THE ESTATE OF SHERRY L. RONAN v. HAMPDEN TOWNSHIP, HAMPDEN TOWNSHIP POLICE DEPARTMENT, HAMPDEN EMERGENCY SERVICES, NATHANIEL FUNK, THOMAS BURFEIND, RUBI AMBROCIO-GONZALES and MICHAEL ZIMMERMAN

41. The averments of fact contained in Paragraphs one (1) through forty (40) are hereby incorporated by reference and made a part of this Count of the Complaint.

42. The Plaintiff, through her Administrator, Lynn A. Ronan, brings this action pursuant to the Pennsylvania Wrongful Death Act, 42 Pa. Cons. Stat. Ann. § 8301 and Pa.R.C.P. § 2202(a).

43. The Estate of Sherry L. Ronan is entitled to recover damages for her death.

44. Sherry L. Ronan did not bring an action for personal injuries during her lifetime, and no other action for the death of the Sherry L. Ronan has been commenced against the Defendants.

45. As a direct and proximate result of Defendants' aforesaid negligence, Fourteenth Amendment Constitutional rights violations and the indifference to the life of Sherry L. Ronan, suffered and Defendant is liable for the following damages:

a. Funeral expenses for Sherry L. Ronan;

b. Expenses of administration related to Sherry L. Ronan;

c. Such other damages as are permissible in a wrongful death action.

**WHEREFORE**, the Plaintiff, Lynn A. Ronan and Lynn A. Ronan, Administrator of the Estate of Sherry L. Ronan, are seeking damages against Hampden Township, Hampden Township Police Department, Hampden Emergency Services, Nathaniel Funk, Thomas Burfeind, Rubi Ambrocio-Gonzales and Michael Zimmerman, in excess of Seventy-Five Thousand ($75,000.00) Dollars in damages together plus costs of this action and interest permitted by law or rule.

13

Case# 2023-08395-37 Received at Cumberland County Prothonotary on 10/10/2024 4:06 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully Submitted,

**IRWIN & McKNIGHT, P.C.**

_____
Marcus A. McKnight, III, Esquire
60 West Pomfret Street
Carlisle, PA 17013
717-249-2353
Supreme Court ID No. 25476
mmcknight@irwinmcknight.com

14

Case# 2023-08395-37 Received at Cumberland County Prothonotary on 10/10/2024 4:06 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## VERIFICATION

The foregoing document is based upon information which has been gathered by my counsel and myself in the preparation of this action. I have read the statements made in this document and they are true and correct to the best of my knowledge, information and belief. I understand that false statements herein made are subject to the penalties of 18 Pa.C.S.A. Section 4904, relating to unsworn falsification to authorities.

_____
LYNN A. RONAN

Date: 10/10/24

Case# 2023-08395-37 Received at Cumberland County Prothonotary on 10/10/2024 4:06 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

| | |
|---|---|
| LYNN A. RONAN, Administrator of the Estate of Sherry L. Ronan, and LYNN A. RONAN, An Adult Individually, Plaintiffs<br><br>v.<br><br>HAMPDEN TOWNSHIP, HAMPDEN TOWNSHIP POLICE, HAMPDEN TOWNSHIP EMERGENCY SERVICES, NATHANIEL FUNK, OPERATIONS LIEUTENANT, THOMAS BURFEIND, DETECTIVE, RUBI AMBROCIO-GONZALES, an Adult Individual and MICHAEL ZIMMERMAN, an Adult Individual, Defendants | : IN THE COURT OF COMMON PLEAS OF<br>: CUMBERLAND COUNTY, PENNSYLVANIA<br>:<br>:<br>: 2023- 08395        CIVIL TERM<br>:<br>:<br>:<br>: CIVIL ACTION – LAW<br>:<br>:<br>: JURY TRIAL DEMANDED<br>:<br>: |

## CERTIFICATE OF SERVICE

I, Marcus A. McKnight, III, Esquire, hereby certify that a copy of attached document was served upon the following by depositing a true and correct copy of the same in the United States mail, First Class, postage prepaid in Carlisle, Pennsylvania, on the date referenced below and addressed as follows:

Frank J. Lavery, Esquire
Rebecca A. McCullough, Esquire
Lavery Law
225 Market Street
Suite 304
Harrisburg, PA 17101-2126

Rubi Ambrocio-Gonzales – QP9491
Smart Communications/PA DOC
SCI Greene
PO Box 33028
St. Petersburg, FL 33733

Dauphin County Adult Probation and Parole
Michael Zimmerman
c/o Karrissa Cantrell, Parole Officer
917 Gibson Boulevard
Steelton, PA 17113

Date: October 10, 2024

IRWIN & McKNIGHT, P.C.

By: Marcus A. McKnight, III, Esquire
60 West Pomfret Street
Carlisle, PA 17013
(717) 249-2353
Supreme Court I.D. No. 25476
mmcknight@irwinmcknight.com

15

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Irwin & McKnight, P.C.
Signature: _____
Name: Marcus A. McKnight, III
Attorney No. (if applicable): 25476

Rev. 12/2017