IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LYNN A. RONAN, Individually and as Administrator of the Estate of Sherry L. Ronan,** : | CIVIL ACTION NO. 1:24-CV-1927 |
| : | (Judge Neary) |
| **Plaintiff** : | |
| v. : | |
| **HAMPDEN TOWNSHIP**, *et al.*, : | |
| **Defendants** : | |

## MEMORANDUM

Plaintiff Lynn A. Ronan, individually and as administrator of the estate of Sherry L. Ronan (collectively, "Ronan"), sued Hampden Township, Hampden Township Police, Hampden Township Emergency Services, Operations Lieutenant Nathaniel Funk, and Detective Thomas Burfeind (collectively, the "Hampden" defendants) for Fourteenth Amendment violations, a survival action, and a wrongful death claim arising from the death of Sherry L. Ronan ("Sherry"). Ronan also sued Rubi Ambrocio-Gonzales and Michael Zimmerman for a survival action, a wrongful death claim, and an amorphous Fourteenth Amendment violation for their alleged roles in Sherry's death. The Hampden defendants moved to dismiss the claims against them, which the court will grant with prejudice.

I. **Factual Background & Procedural History**

This case arises out of tragic circumstances. (See Doc. 1-2).¹ Ronan believes that, on October 23, 2021, defendant Michael Zimmerman called 911 to report a drug overdose at a hotel in Camp Hill, Pennsylvania. (See id. ¶ 3). Lieutenant Nathaniel Funk and Officer McIntyre² responded to the call and arrived on scene minutes later. (See id. ¶ 4). Before proceeding into the hotel, McIntyre retrieved Narcan and an AED from his police vehicle. (See id.) The officers entered the room and discovered a person who they later determined to be Sherry lying on her back. (See id.) Officer McIntyre checked the room for other individuals and Lieutenant Funk checked on Sherry's status. (See id.) Both McIntyre and Funk determined that she was deceased. (See id. ¶ 5). Neither officer attempted to administer the AED or Narcan that they had available to them. (See id.) After concluding that Sherry was deceased, McIntyre returned the medical equipment to his vehicle and Funk requested the aid of a detective and the coroner. (See id. ¶¶ 6-7). Ronan alleges that Detective Thomas Burfeind, a named defendant, was "enroute" but does not otherwise elaborate on whether, or when, Burfeind arrived on the scene or what transpired after he arrived. (See id. ¶ 6). Two deputy coroners arrived and pronounced Sherry deceased shortly thereafter. (See id. ¶ 10).

---

¹ The court accepts, as it must on a motion to dismiss, that all well-pleaded facts in Ronan's Amended Complaint are true. See Santiago v. Warminster Township, 629 F.3d 121, 131-32 (3d Cir. 2010).

² Ronan does not identify Officer McIntyre's first name or employer, nor has Ronan named Officer McIntyre as a defendant.

Ronan initially filed this case in the Court of Common Pleas of Cumberland County on an unknown date, before filing an Amended Complaint on October 10, 2024, alleging Fourteenth Amendment violations, a survival action, and a wrongful death claim against the Hampden defendants. (See id. ¶¶ 11-31, 38-45). Ronan also alleges an amorphous Fourteenth Amendment violation against Ambrocio-Gonzales and Zimmerman for their alleged roles in Sherry's drug overdose in addition to the survival action and wrongful death claims. (See id. ¶¶ 32-45).

The Hampden defendants filed a notice of removal to this court and subsequently filed a motion to dismiss.[3] (See Docs. 1, 3, 9). The motion is fully briefed and ripe for disposition.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as

---

[3] No attorney has entered an appearance for Ambrocio-Gonzales or Zimmerman, they have not answered or otherwise responded to the Amended Complaint, and it is unclear whether they have been properly served.

well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. Santiago v. Warminster Township, 629 F.3d 121, 130 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. If the court concludes that a complaint should be dismissed, it "must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips, 515 F.3d at 236.

### III. Discussion

The Hampden defendants move to dismiss Ronan's Amended Complaint on numerous grounds. They argue that: (1) Ronan fails to plausibly plead a Fourteenth Amendment claim for failure to provide medical care to Sherry; (2) Ronan fails to plausibly plead a Monell[4] claim against Hampden Township; (3) Ronan's claims against Hampden Township Police and Hampden Emergency Services cannot stand because they are sub-units of Hampden Township, and thus the same entity; (4) Ronan's claims against Burfeind and Funk in their official capacity are improper;[5] (5) Ronan's Fourteenth Amendment claim against Burfeind fails for lack of Burfeind's personal involvement in Sherry's death; (6) Ronan's claim that Funk was negligent is insufficient to impose liability; (7) Burfeind and Funk are entitled to qualified immunity; and (8) further leave to amend Ronan's complaint would be futile. (See Doc. 9 at 4-22). Ronan's opposition does not address most of these arguments but does request leave to amend the complaint if the court concludes that the Amended Complaint is insufficiently pleaded. (See Doc. 12).

### A. Ronan's claims against the Police Department and Emergency Services are improper.

The Hampden defendants argue that that the inclusion of Hampden Township, Hampden Township Police, and Hampden Emergency Services is improper because they are not separate entities. It is well-established that

---

[4] Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

[5] There is nothing in the Amended Complaint, however, to suggest that Ronan is suing Funk or Burfeind in their official capacities. Accordingly, the court will not address this argument.

5

administrative arms of a municipality cannot be sued in conjunction with the municipality. See Padilla v. Twp. of Cherry Hill, 110 F. App'x. 272, 278 (3d Cir. 2004) (nonprecedential) (citing DeBellis v. Kulp, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001); Watson v. Witmer, 183 F. Supp. 3d 607, 614.3 (M.D. Pa. 2016). Therefore, Ronan's claims against the Hampden Township Police and Hampden Emergency Services, administrative arms of Hampden Township, are improper. Further, any attempt at amendment would be futile for these claims so they will be dismissed with prejudice. See Phillips, 515 F.3d at 236.

**B. A Fourteenth Amendment claim against Burfeind and Funk cannot survive because they had no duty to provide medical care.**

The Hampden defendants present a litany of reasons why Ronan's Fourteenth Amendment claims against Burfeind and Funk must be dismissed. The court need only consider one—duty.

As a general matter, the Due Process Clause of the Fourteenth Amendment imposes no affirmative obligation on the state to provide aid or protection from private harm. Ye v. United States, 484 F.3d 634, 636 (3d Cir. 2007) (citing DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189 (1989)). But this rule has exceptions, one of which is when an individual is "injured while being apprehended by the police." City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983).

Ronan does not, and cannot, allege that Sherry was in police custody when Funk (along with McIntyre) arrived on the scene, or that Sherry's injuries were the result of police action. According to the Amended Complaint, both Funk and McIntyre determined Sherry was deceased at the time of arrival. (Doc. 1-2 ¶ 5).

6

Even if Ronan had alleged Sherry was alive at the time the Funk arrived on the scene, Funk still would have no duty to administer aid because Sherry was not in police custody and her injuries were not the result of Funk's actions. See City of Revere, 463 U.S. at 244. As to Burfeind, there are no allegations in the Amended Complaint that Burfeind was ever present at the scene. Even if Burfeind was present, no duty would attach to him for the same reasons. Accordingly, Ronan's claims against Funk and Burfeind fail as a matter of law and will be dismissed with prejudice because further amendment would be futile. See Phillips, 515 F.3d at 236.

### C. The claim against Hampden Township necessarily fails, too.

While a municipality could, in theory, be liable for a substantive due process violation when none of its employees are liable, such liability can only attach when there was a violation of the plaintiff's constitutional rights. See Brown v. Commonwealth of Pennsylvania, Dep't of Health Emergency Med. Servs. Training Inst., 318 F.3d 473, 482 (3d Cir. 2003) (citing Collins v. City of Harker Heights, 503 U.S. 115, 122 (1992)). Here, Ronan fails to plausibly allege that Sherry's constitutional rights were violated because Sherry was not in Hampden Township's custody and because Hampden Township bore no constitutional obligation to administer aid for injuries that were not caused by its actions. See City of Revere, 463 U.S. at 244; Brown, 318 F.3d at 483. And so, because Ronan has not, and cannot, allege that Hampden Township violated Sherry's constitutional rights, this claim is also dismissed with prejudice because further amendment would be futile. See Phillips, 515 F.3d at 236.

## IV.    Conclusion

As Ronan has failed to allege that the Hampden defendants violated Sherry's constitutional rights, or that Ronan could plead facts demonstrating a constitutional violation, the court will grant the Hampden defendants' motion to dismiss Ronan's Amended Complaint with prejudice. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:     April 10, 2025